UNITED STATES of America

v.

Dwight BOWLEY, Appellant.

No. 06–2781.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Dec. 7, 2006.

Filed: Dec. 20, 2006.

Kim L. Chisholm, Office of United States Attorney United States Courthouse, St. Thomas US, VI, for United States of America.

Patricia Schrader–Cooke, Office of Federal Public Defender, St. Thomas US, VI, for Appellant.

BEFORE: McKEE, BARRY and STAPLETON, Circuit Judges.

*OPINION OF THE COURT*

STAPLETON, Circuit Judge:

Appellant Dwight Bowley contends that the District Court, in the course of sentencing him to sixty months of incarceration, erred in calculating his guideline range. Finding no error, we will affirm the judgment of the District Court.

Appellant pled guilty to one count of unlawful re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The applicable Guideline section, U.S.S.G. § 2L1.2 provides:

(a) Base Offense Level: 8
(b) Specific Offense Characteristic
    (1) Apply the Greatest:
    If the defendant previously was deported, or unlawfully remained in the United States, after—
    (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels;
    (B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;
    (C) a conviction by an aggravated felony, increase by 8 levels;
    (D) a conviction for any other felony, increase by 4 levels; or
    (E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, in crease by 4 levels.

Appellant acknowledges having a prior attempted robbery conviction that comes within the scope of both subsection A and subsection C. He insists, however, that § 2L1.2 is ambiguous in this context, that the rule of lenity should apply, and, accordingly, that the District Court's 16 level enhancement was in error. We agree with the District Court that § 2L1.2 unambiguously required it to "Apply the Greatest" and enhance by 16 levels.

The judgment of the District Court will be affirmed.